# Exhibit A

Commonwealth of Massachusetts
ESSEX SUPERIOR COURT
Case Summary
Civil Docket

## ESCV2011-02201
### Daley v Freedom scientific Inc et al

| | | | | |
|---|---|---|---|---|
| File Date | 11/23/2011 | Status | Needs review for service (acneserv) | |
| Status Date | 11/23/2011 | Session | B - Civil-CtRm 1 (Newburyport) | |
| Origin | 1 - Complaint | Case Type | B22 - Employment Discrimination | |
| Track | F - Fast track | Lead Case | | Jury Trial  Yes |

### DEADLINES

| | Service | Answer | Rule12/19/20 | Rule 15 | Discovery | Rule 56 | Final PTC | Judgment |
|---|---|---|---|---|---|---|---|---|
| Served By | | | | | 09/18/2012 | | | |
| Filed By | 02/21/2012 | 03/22/2012 | 04/21/2012 | 04/21/2012 | | 11/17/2012 | | 09/13/2013 |
| Heard By | | | | | | | 03/17/2013 | |

### PARTIES

**Plaintiff**
Michael Daley
Active 11/23/2011

**Private Counsel 267000**
Paul F Kelly
Segal Roitman LLP
111 Devonshire Street, 5th Floor
Boston, MA 02109
Phone: 617-742-0208
Fax: 617-742-2187
Active 11/23/2011 Notify

**Defendant**
Freedom scientific Inc
Service pending 11/23/2011

**Defendant**
R Lee Hamilton Jr
Service pending 11/23/2011

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 11/23/2011 | 1.0 | Complaint & civil action cover sheet filed |
| 11/23/2011 | | Origin 1, Type B22, Track F. |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 02/27/2012 | Civil-CtRm 1 (Newburyport) | Status: Clerk Follow UP | |

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET # ESCV2011-02201-B
Courtroom CtRm 1 (145 High St., Newburyport, MA)

RE: Daley v Freedom scientific Inc et al
TO:
    Paul F Kelly, Esquire
    Segal Roitman LLP
    111 Devonshire Street, 5th Floor
    Boston, MA 02109

## SCHEDULING ORDER FOR F TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue **09/13/2013**.

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | 02/21/2012 | 02/21/2012 | |
| Response to the complaint filed (also see MRCP 12) | | 03/22/2012 | |
| All motions under MRCP 12, 19, and 20 | <ERROR> | 04/21/2012 | <ERROR> |
| All motions under MRCP 15 | <ERROR> | 04/21/2012 | <ERROR> |
| All discovery requests and depositions served and non-expert depositions completed | 09/18/2012 | | |
| All motions under MRCP 56 | <ERROR> | 11/17/2012 | |
| Final pre-trial conference held and/or firm trial date set | | | 03/17/2013 |
| Case shall be resolved and judgment shall issue by **09/13/2013** | | | 09/13/2013 |

- The final pre-trial deadline is <u>not the scheduled date of the conference</u>.
- You will be notified of that date at a later time.
- Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

Dated: 11/28/2011

Telephone: (978) 462-4474

Thomas H. Driscoll Jr.
Clerk of the Court

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF ESSEX | DOCKET NO. 2011-2001 |
|---|---|---|
| PLAINTIFF(S) Michael T. Daley | | DEFENDANT(S) Freedom Scientific, Inc. and Lee Hamilton, Jr. |

Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO# | Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known)

Paul F. Kelly, Esq.
Louis A. Mandarini, Esq.
Segal Roitman, LLP
111 Devonshire Street, 5th Floor
Boston, MA 02109

Ellen C. Kearns, Esq.
Constangy, Brooks & Smith, LLP
535 Boylston Street
Suite 902
Boston, Massachusetts 02116

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

CODE NO.    TYPE OF ACTION (specify)    TRACK    IS THIS A JURY CASE?

B22 Employment Discrimination - Fast Track        [ ● ] Yes  [  ] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses                                   $_____
   2. Total doctor expenses                                     $_____
   3. Total chiropractic expenses                               $_____
   4. Total physical therapy expenses                           $_____
   5. Total other expenses (describe)                           $_____
                                                          Subtotal $_____
B. Documented lost wages and compensation to date              $_____
C. Documented property damages to date                         $_____
D. Reasonably anticipated future medical expenses              $_____
E. Reasonably anticipated lost wages and compensation to date  $_____
F. Other documented items of damages (describe)                $_____
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

FILED IN THE SUPERIOR COURT FOR THE COUNTY OF ESSEX
NOV 23 2011

Total $_____

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

| The contract claims in this matter include a violation of the covenant of good faith and fair dealing, unjust enrichment for depriving Plaintiff of commissions due and owing, as well as violations of G.L. 151B for age discrimination and violation of the Massachusetts Wage Act. | TOTAL | not yet $ known. |
|---|---|---|

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT _____

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _Louis A. Mandarini_    Date: Nov 22, 2011
A.O.S.C. 3-2007

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                      SUPERIOR COURT DEPARTMENT
                                                OF THE TRIAL COURT    2011-2201

| | |
|---|---|
| MICHAEL DALEY, ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> FREEDOM SCIENTIFIC, INC. ) <br> Defendant ) <br> ) <br> and ) <br> ) <br> R. LEE HAMILTON, JR. ) <br> Defendant ) | C.A. No. |

## COMPLAINT

1. This is an action by a former employee against his former employers for violation of the covenant of good faith and fair dealing, to recover unpaid wages from a former employer under G.L. c. 149, §148, for age discrimination under G.L. c. 151B, and for unjust enrichment.

### Compliance With Statutory Requirements

2. In accordance with the requirements of G.L. c. 149, §150, Plaintiff filed a complaint for non-payment of wages with the Office of the Attorney General of Massachusetts on June 27, 2010. Plaintiff received a letter authorizing a private right of action on July 6, 2011.

3. Plaintiff filed a complaint with the Massachusetts Commission Against Discrimination for age discrimination in violation of G.L. c. 151B on June 29, 2011 and

withdrew that complaint on October 27, 2011 to pursue the instant action in Superior Court.

## Parties

4. The plaintiff, Michael T. Daley, is an individual residing at 31 High Street, Marblehead, Essex County, Commonwealth of Massachusetts.

5. The defendant, Freedom Scientific, Inc. ("Freedom Scientific") is a corporation established under the laws of the State of Florida that maintains its principal place of business at 11800 31st Court N. St. Petersburg, Florida 33716.

6. The defendant, R. Lee Hamilton Jr. ("Hamilton") is an individual residing at 11904 Marblehead Dr., Tampa, FL 33626.

## Jurisdiction and Venue

7. Jurisdiction in the Superior Court is authorized by G.L. c. 212, §3 as there is no reasonable likelihood that Plaintiff will recover less than $25,000.

8. Venue is appropriate in this Court, pursuant to G.L. c. 223, §1 as Essex is the County in which Plaintiff lives.

## Facts

9. Freedom Scientific is one of the nation's leading developers and manufacturers of technological devices to assist blind and sight-impaired individuals.

10. Michael T. Daley began working for Freedom Scientific in 2004 as a Vice-President for Sales.

11. By virtue of his position, Daley supervised a sales force of employees in a variety of states and locations, including Maryland, Massachusetts, Illinois, California, Texas.

12. Daley's compensation for his position entailed a base salary of $150,000 per year, plus bonuses and commissions based upon achievement of sales targets and growth.

13. The commission structure at Freedom Scientific for Daley's position called for three distinct types of commissions, payment for all of which was predicated upon achieving sales and growth targets.

14. The first type of commission provided quarterly payments each year on or about: January 20; April 20; July 20; October 20.

15. A second type of commission payment for performance related to the annual goal achievement at Freedom Scientific and was generally paid on or about January 20 of a given year.

16. A third type of commission was a profit sharing payment, generally paid on or about April 20 of a given year, and which commanded an increased share for managerial employees like Daley.

17. In the course of his employ with Freedom Scientific, Daley excelled at his job, uniformly met sales targets and helped bring about a sustained and significant period of growth for the Company.

18. Because of his performance, Daley consistently met his sales targets and earned his full complement of quarterly bonuses and commissions virtually every year.

19. Despite his performance, Freedom Scientific summarily terminated Daley on or about November 30, 2010.

20. The delivery of the termination occurred in a telephone call between Daley and Freedom Scientific CEO R. Lee Hamilton, Jr.

21. When Daley asked: "What is the reason for this action?" Hamilton responded "there is no reason…We do not have to give you a reason."

22. Immediately after informing Daley of his termination, Freedom Scientific CEO Hamilton asked Daley: "We have to announce this to the dealers and the Company. Do you want us to say that you've retired?"

23. By information and belief, Hamilton's question contained a clear suggestion that Daley's age – 62 years of age at the time -- was, at least in part, a motivating factor for the termination.

24. As of the date Freedom Scientific terminated him, Daley had already reached the sales target figures necessary for October and November, which represented two-thirds of the requirement for the quarterly (Q4) commission payment to qualify him for the quarterly commission payment for the fourth quarter of 2010.

25. As of the date Freedom Scientific terminated him, Daley had already exceeded the annual sales target figures for calendar year 2010 that were necessary to qualify him for the annual commission payment, accomplished in 11 months.

26. Had Freedom Scientific not terminated him on November 30, Daley also would have qualified for the annual year-end profit-sharing management bonus, traditionally paid in April for meeting the prior calendar year's sales and growth goals.

27. By information and belief, Freedom Scientific's termination of Daley was motivated, at least in part, by a desire to deprive him of: 1.) the quarterly commission payment (Q4); 2.) the annual commission payment that he had already earned and; 3.) the annual management commission, traditionally paid in April.

## COUNT I

4

CONTRACT - VIOLATION OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

28. The allegations of paragraphs 1- 27 are incorporated herein by reference.

29. Defendant's termination of Daley so as to deprive him of commissions bonus violates the covenant of good faith and fair dealing inherent in the parties' employment relationship.

## COUNT II

### NON-PAYMENT OF WAGES IN VIOLATION OF M.G.L. C. 149, §148

30. The allegations of paragraphs 1- 29 are incorporated herein by reference.

31. The commission payments were not discretionary.

32. The Company's failure to pay the commissions violates G.L. c. 149 §148.

33. The Company's violation of the Wage Act entitles Daley to treble damages and attorneys' fees.

## COUNT III

### AGE DISCRIMINATION IN VIOLATION OF G.L. 151B

34. The allegations of paragraphs 1-33 are incorporated herein by reference.

35. Daley's age at the time of his termination places him within the protected status of G.L. 151B's coverage.

36. Hamilton's suggestion that Daley's termination could be described as a "retirement" suggestions age discrimination was a motivating factor for that personnel action.

37. The Company's action of discharging Daley, either in whole or in part, on the basis of his age violates G.L. c. 151B.

## COUNT IV

5

### CONTRACT -- UNJUST ENRICHMENT

38. The allegations of paragraphs 1- 37 are incorporated herein by reference.

39. At all times material to this cause of action, Daley performed his duties in a professional, competent fashion.

40. Defendant's quarterly commission structure and year-end bonus program were designed to entice Daley not only to remain in the employ of Freedom Scientific, but also to engender in him a desire to meet and exceed sales and growth targets.

41. Daley's performance of his duties, his striving to meet commission targets, and his actually having met those targets by the time of his summary termination on November 30, 2010 unjustly enriched Freedom Scientific because that Company did not fulfill the compensation promise it held out to Daley.

42. The Company breached a contract by failing to pay Daley the quarterly commission and year-end bonus.

PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Michael Daley respectfully prays for the court's judgment as follows:

A. Against the defendants for the amounts of the quarterly commission, annual commission and year-end bonus for violation of the implied covenant of good faith and fair dealing

  B. Against the defendants, in the amount of the outstanding bonus payment, trebled in accordance with G.L. c149, §150, as well as litigation costs and reasonable attorneys' fees;

  C. Against the defendants for age discrimination in violation of G.L. 151B

  D. Against the defendants for unjust enrichment

  E. For such other and further relief as the Court deems just and proper.

MICHAEL T. DALEY,

By his attorneys,

*/s/ Louis C. Mandarini*

Paul F. Kelly, BBO #267000
Louis A. Mandarini BBO #669293
Segal Roitman, LLP
111 Devonshire Street, 5th Floor
Boston, MA 02109
(617) 742-0208

Dated: November 22, 2011